# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **FRED SEBASTIAN,** | ) |
| | ) |
| and | ) |
| | ) |
| **DUKE CAPITAL S.A.** | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) Case No: 1:20-cv-1788 |
| | ) |
| **GREENLINK INTERNATIONAL INC.,** | ) |
| **DOUGLAS N. MACDONALD, and** | ) |
| **JAKE GEORGE,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiffs, Fred Sebastian and Duke Capital S.A., by and through their undersigned counsel, file this Complaint against Defendants, GreenLink International Inc., Douglas N. MacDonald and Jake George (collectively referred to as "Defendants"), and allege as follows:

## THE PARTIES

1. Plaintiff Fred Sebastian ("Sebastian") is an individual who resides at 300-25 Lady Russell Street, Moncton, New Brunswick, Canada, E1E OC3.

2. Plaintiff Duke Capital S.A. ("Duke Capital") is a corporation incorporated under the laws of the Commonwealth of Belize, and is located at 508 Marina Towers, Belize City, Belize.

3. Defendant GreenLink International Inc. ("GreenLink") was formerly named E-Debit Global Corporation ("E-Debit"), but changed its name on or about July 26, 2018. GreenLink is incorporated under the laws of the State of Colorado. At all material times, E-Debit reported to

the Securities and Exchange Commission ("SEC") that its Principal Executive Offices were located at 2801 Youngfield Street, Ste. 300, Golden, Colorado 80401. The current address of GreenLink's Principal Executive Office is 711 Court A, Suite 204, Tacoma Washington 98402.

4. GreenLink advertises itself as a US OTC publicly traded corporation domiciled in Colorado that holds real estate, equipment, brands, and technology that are leased or licensed to legally operating CBD and cannabis entities.

5. Defendant Douglas N. MacDonald ("MacDonald") is an individual who resides at 45 Sheridian Drive Street, Albert AB, Canada T8N 0J1. MacDonald was the President and Chief Executive Officer ("CEO") of E-Debit and/or acted as a control person of E-Debit at all relevant times in this Complaint.

6. Defendant Jake George ("George") is an individual who resides in or near Tacoma, Washington. George is currently the President of GreenLink and was a director on E-Debit's Board of Directors and/or a control person of E-Debit at all relevant times in this Complaint. George maintains an office at 711 Court A, Tacoma, Washington 98402.

7. Defendants MacDonald and George were officers or directors of E-Debit at all relevant times and both played an instrumental role in the wrongful conduct alleged in this Complaint.

## JURISDICTION AND VENUE

8. Plaintiff Sebastian is a citizen of Canada who currently resides in Canada.

9. Plaintiff Duke Capital is a corporation located in Belize.

10. Defendant GreenLink is a Colorado corporation with its principal place of business located in Washington. Thus, GreenLink is a citizen of both Colorado and Washington.

11. Defendant MacDonald is a citizen of Canada who currently resides in the province of Alberta.

12. Defendant George is a citizen of the United States who currently resides in the state of Washington.

13. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States. In addition, this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the parties are in complete diversity, and the amount in controversy exceeds $75,000 (exclusive of interest and costs).

14. This Court has personal jurisdiction over GreenLink because it is a Colorado corporation.

15. This Court has personal jurisdiction over Defendants MacDonald and George because their misconduct occurred while they were officers and/or directors of a Colorado corporation, the claims alleged in this Complaint arise from the transaction of business in Colorado, and/or the commission of tortious acts in Colorado.

16. Venue is proper in the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1391(b) because GreenLink resides in the District of Colorado and because a substantial part of the events or omissions giving rise to the claims occurred in the District of Colorado.

## FACTS COMMON TO THE CAUSES OF ACTION

17. At all material times, Sebastian was the beneficial holder personally of 14,111,729 E-Debit shares, and owned a further 42,000,000 E-Debit shares through Duke Capital. Sebastian and Duke Capital's shares are referred to collectively as "Sebastian's Shares."

18. Sebastian's Shares represented 4.94% ownership of E-Debit's issued and outstanding common shares, making him a Corporate Insider, requiring E-Debit to file with the SEC a Form 8-K Current Report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934.

19. On June 1, 2018 E-Debit issued a Notice of Demand for Payment for outstanding advances in the amount of $80,054.58 in Canadian Funds that Sebastian allegedly owed E-Debit. E-Debit alleged that the June 1, 2018 Demand for Payment related to a purported Loan Agreement or Promissory Note dated August 31, 2012 (the "Alleged Loan Agreement") and an Irrevocable Proxy related to Sebastian's Shares.

20. In fact, neither Sebastian nor Duke Capital had signed, agreed to or had any knowledge of the Alleged Loan Agreement. Neither Sebastian nor Duke Capital ever signed any document authorizing E-Debit to cancel or otherwise convert Sebastian's Shares.

21. Further, neither Sebastian nor Duke Capital owed any money to E-Debit. None of the alleged loans were disclosed in E-Debit's filings with the SEC, nor were the alleged loans disclosed on E-Debit's consolidated balance sheets. For instance, while the Alleged Loan Agreement was purportedly dated August 31, 2012, E-Debit's Form 10-Q for that reporting period made no mention of the Alleged Loan Agreement with Sebastian. Indeed the Form 10-Q states the following, which is inconsistent with the existence of the Alleged Loan Agreement:

> On April 7, 2004, the Company sued Fred and Linda Sebastian to recover an outstanding loan of $80,000 (CDN) plus interest and court costs. The Company has reserved this amount due to the uncertainty of recovery. The defendant has withdrawn the counterclaim. As of March 2008, no further actions were filed by either party.

In other words, the disclosure acknowledges an ongoing dispute with Fred and Linda Sebastian regarding a purported $80,000 CDN loan from 2004, but made no reference to the Alleged Loan Agreement with Sebastian that was purportedly entered just months earlier. As another example, E-Debit's Form 10-K for 2012 made no reference to the Alleged Loan Agreement and it is not disclosed on E-Debit's balance sheet. The simple explanation for why E-Debit did not disclose the Alleged Loan Agreement in its contemporaneous SEC filings is that it never existed.

22. On or about June 4, 2018, E-Debit's Board of Directors passed a resolution stating that unless full payment was received from Sebastian and/or the companies under his control by June 18, 2018, E-Debit's management was instructed to cancel the shares held in the name of Fred Sebastian and Duke Capital as purportedly authorized in the Alleged Loan Agreement and offset the price against the outstanding principal balance of the loans.

23. Defendants MacDonald and George took an active role in passing that resolution as evidenced by their signatures on the document. In doing so, MacDonald and George intended to defraud Plaintiffs by making the misrepresentation that Plaintiffs owed E-Debit $80,054.58 in Canadian Funds when in fact they did not.

24. On or about June 18, 2018, E-Debit announced the purported cancellation of all 56,111,729 of Sebastian's Shares at a price of $0.001 US per share.

25. On June 19, 2018, E-Debit instructed its Transfer Agent to cancel Sebastian's Shares reducing the current outstanding and issued shares of E-Debit by 56,111,729 by cancelling the following share certificates:

- CSI 4107 in the name of Fred Sebastian in the amount of 14,111,729 shares;
- CSI 4108 in the name of Duke Capital S.A. in the amount of 14,000,000 shares; and
- CSI 4109 in the name of Duke Capital S.A. in the amount of 28,000,000 shares.

26. On June 19, 2018, E-Debit received notification from its Transfer Agent, Mountain Share Transfer LLC of the cancellation of Sebastian's Shares.

27. On June 25, 2018, E-Debit filed a Form 8-K Current Report with the SEC on the SEC's public database (commonly known as EDGAR) stating that a demand for payment has been made and that Sebastian's Shares had been cancelled.

28. When Sebastian's Shares were cancelled as a result of the non-existent $80,054.58 loan, the 56,111,729 shares had a value of two to three cents per share, with a total value of $1.1 - $1.7 million. The current value of Sebastian's Shares is at least $0.00586 per share, with a value of $328,815.

29. There was no legal basis for E-Debit to cancel Sebastian's shares. Neither Sebastian nor Duke Capital owed money to E-Debit, and even if they did owe money, they did not sign or otherwise agree to the Alleged Loan Agreement or any other instrument that would authorize E-Debit to cancel Sebastian's Shares as a result of any alleged indebtedness.

30. The Alleged Loan Agreement was a fiction concocted by Defendants to illegally cancel Sebastian's Shares and defraud Plaintiffs.

31. The allegation in E-Debit's June 1, 2018 Demand for Payment that there was a loan agreement was false and misleading. E-Debit forwarded a copy of those false statements to the Financial and Consumer Affairs Authority of Saskatchewan, Canada ("FCAA") and the US Financial Industry Regulatory Authority ("FINRA").

32. By filing the aforementioned Form 8-K on the SEC's EDGAR database and communicating E-Debit's false and misleading claims to FCAA and FINRA, E-Debit effected its wrongdoing by making use of the means, instruments, or instrumentalities of transportation or communication in interstate commerce, or of the mails, or the facilities of national securities exchanges.

33. Further, E-Debit's filing of a false and misleading Form 8-K on the SEC's EDGAR database was done with the intention of profiting from the resulting market impact arising from the false filing.

## COUNT I
## CONVERSION

34. Plaintiffs incorporate by reference all of the preceding and following paragraphs as if set forth herein.

35. Plaintiffs are the rightful owners of Sebastian's Shares, which consisted of 56,111,729 shares of E-Debit stock.

36. Defendants exercised unauthorized dominion and control over Sebastian's Shares when they cancelled them on or about June 18, 2018.

37. Following the wrongful cancellation of Sebastian's Shares, Plaintiffs demanded the return of the shares, but Defendants have refused to return them to Plaintiffs.

38. As a result of Defendants' wrongful conversion of the Sebastian Shares, Plaintiffs have suffered in excess of $1.7 million in damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and award Plaintiffs their damages, punitive damages, costs, and all other relief available under the law.

## COUNT II
## FRAUD - COMMON LAW

39. Plaintiffs incorporate by reference all of the preceding and following paragraphs as if set forth herein.

40. Defendants made false representations of material facts when they represented to E-Debit's shareholders, including Plaintiffs, that the Alleged Loan Agreement existed when it does not, and that Sebastian owed E-Debit $80,054.58 CDN when he does not.

41. Upon information and belief, Defendants knew those representations were false when made.

42. Recipients of these false representations were ignorant of the falsity.

43. Defendants made these false representations with the intention that they be acted upon and relied upon to cancel Sebastian's Shares.

44. In reasonable reliance on the false representations by Defendants, Sebastian's Shares were improperly cancelled at a price of $0.001 US per share, which was substantially less than the fair market value of Sebastian's Shares at the time of cancellation.

45. As a result, Plaintiffs were damaged by an amount in excess of $1.7 million.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and award Plaintiffs their damages, punitive damages, costs, and all other relief available under the law.

## COUNT III
## FRAUD - COLORADO SECURITIES ACT (C.R.S. § 11-51-101 *et seq.*)

46. Plaintiffs incorporate by reference all of the preceding and following paragraphs as if set forth herein.

47. Plaintiffs are the sellers of the Sebastian Shares which were cancelled at a price of $0.001 US per share.

48. The Sebastian Shares are a publicly traded security.

49. Defendants acted with the requisite scienter to commit fraud when they knowingly made the false representations that the Alleged Loan Agreement existed when it does not and that Sebastian owed E-Debit $80,054.58 CDN when he does not.

50. Defendants' false representations were made in connection with the purchase or sale of a security because they used the false representations as a pretext to unlawfully cancel the Sebastian Shares at a price dramatically below the fair market value of the shares.

51. Defendants' conduct was in violation of C.R.S. § 11-51-501(1).

52. Pursuant to C.R.S. § 11-51-604 any "person who recklessly, knowingly, or with intent to defraud…buys a security in violation of section 11-51-501(1)…is liable to the person…selling such security…in connection with the violation for such legal or equitable relief that the court deems appropriate, including rescission, actual damages, interest at the statutory rate, costs, and reasonable attorney fees."

53. Defendants' wrongful conduct caused Plaintiffs damages in an amount that exceeds $1.7 million.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and award Plaintiffs their damages, interest at the statutory rate, costs, rescission, reasonable attorneys' fees, and all other relief available under law.

## COUNT IV
## COMMON LAW NEGLIGENCE

54. Plaintiffs incorporate by reference all of the preceding and following paragraphs as if set forth herein.

55. As shareholders of E-Debit's stock, Defendants owed Plaintiffs a duty of reasonable care in connection with their cancellation of Sebastian's Shares.

56. Defendants breached their duty of care to Plaintiffs by falsely representing that the Alleged Loan Agreement existed, or recklessly making that representation without first making a reasonable investigation into the truth of the matter asserted, and thereby improperly cancelled Sebastian's Shares.

57. As a direct and proximate result of Defendants' breach of duty, Plaintiffs have been damaged in an amount to be determined at the hearing of this case.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and award Plaintiffs their damages, costs, and all other relief available under the law.

## COUNT V
## VIOLATION OF §10(B) OF THE EXCHANGE ACT AND RULE 10B-5 (15 U.S.C. §78J(B) AND 17 C.F.R. § 240.10B-5)

58. Plaintiffs incorporate by reference all of the preceding and following paragraphs as if set forth herein.

59. Defendants have made the untrue statement of material fact that Plaintiffs owed E-Debit $80,054.58 CDN under the Alleged Loan Agreement and failed to pay amounts due under the Alleged Loan Agreement, when in fact the Alleged Loan Agreement did not exist.

60. Defendants' untrue statement was made in connection with the purchase or sale of securities because Defendants relied on Plaintiffs' purported failure to pay under the Alleged Loan Agreement to wrongfully cancel Sebastian's Shares for substantially less than their fair market value.

61. Defendants acted with the requisite *scienter* and intended to defraud Plaintiffs because if Defendants truly believed the Alleged Loan Agreement existed, then Defendant would have disclosed the existence of the Alleged Loan Agreement, which was purportedly entered in August 2012 in E-Debit's contemporaneous SEC filings, including the Form 10-Q and Form 10-K covering that period. The failure to disclose the Alleged Loan Agreement in its 2012 SEC filings shows that Defendants knew the Alleged Loan Agreement did not exist. In the alternative, Defendants' false statements regarding the existence of the Alleged Loan Agreement were made recklessly, because Defendants reasonably should have reviewed E-Debit's SEC filings in 2012 to determine that the Alleged Loan Agreement never actually existed.

62. Defendants used an instrumentality of interstate commerce in connection with the untrue statement and the cancellation of Sebastian's Shares by forwarding copies of the false statements to the FCAA and FINRA. and by filing the aforementioned false Form 8-K on the SEC's EDGAR database.

63. Defendants' misleading and fraudulent statements were relied upon to cancel Sebastian's Shares at a price significantly below their fair market value.

64.  Plaintiffs suffered significant damages exceeding $1.7 million as a result of the wrongful cancellation of Sebastian's Shares.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and award Plaintiffs their damages, costs, and all other relief available under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request relief in the form of monetary damages exceeding $75,000, punitive damages, rescission, and interest at the statutory rate, along with all attorney fees and costs this Court may find reasonable under the law.

Dated:  June 17, 2020

Respectfully submitted,

**DENTONS US LLP**

*/s/ Joseph G. Martinez*
Joseph G. Martinez
Dentons US LLP
1400 Wewatta Street
Suite 700
Denver, Colorado 80202
303-634-4000 (phone)
joe.martinez@dentons.com

***Attorneys for Plaintiffs, Fred Sebastian & Duke Capital S.A.***

US_Active\114943571\V-2