**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-01788-RM-NRN

FRED SEBASTIAN, and
DUKE CAPITAL S.A.,

      Plaintiffs,

v.

GREENLINK INTERNATIONAL INC.,
DOUGLAS N. MACDONALD, and
JAKE GEORGE,

      Defendants.

---

## ORDER

---

      This diversity action is before the Court on the Recommendation of United States Magistrate Judge N. Reid Neureiter (ECF No. 50) to grant in part and deny in part Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (ECF No. 41). Defendants have filed Objections to the Recommendation (ECF No. 51), and Plaintiffs have filed a Response (ECF No. 52).  For the reasons below, the Court sustains Defendants' Objections and grants the Motion to Dismiss in its entirety.

## I.      BACKGROUND

      No party objected to the magistrate judge's recitation of the factual background of this case, and the Court incorporates by reference that portion of the Recommendation into this Order.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  In summary, Plaintiff Sebastian, who resides in Canada, and Plaintiff Duke Capital S.A., a Belize corporation, owned more than

56 million shares of Defendant Greenlink International Inc. ("Greenlink"), a Colorado corporation formerly named E-Debit Global Corporation.[1]  But in June 2018, Greenlink's board of directors passed a resolution allowing its management to cancel Plaintiffs' shares based on an alleged loan agreement with Plaintiff Sebastian that, according to Plaintiffs, never existed.  At that time, Defendant MacDonald was the president and chief executive officer of Greenlink, and Defendant George was a director on the board.  According to the Complaint, the individual Defendants "took an active role in passing that resolution" and "intended to defraud Plaintiffs by making the misrepresentation that they owned [money] when in fact they did not."  (ECF No. 1, Compl. at ¶ 23.)  Later that month, Greenlink announced the cancellation of Plaintiffs' shares. (*Id.* at ¶¶ 24, 26.)

Plaintiffs filed their Complaint in June 2020, asserting one conversion claim and four fraud-based claims.  In their Motion to Dismiss, Defendants argue that the Court lacks personal jurisdiction over the individual Defendants and that Plaintiffs failed to state a claim on each of the fraud-based claims.  Plaintiffs do not object to the magistrate judge's determination that the fraud-based claims should be dismissed.  There is also no dispute that this Court has personal jurisdiction over Greenlink, a Colorado corporation, but Defendants do object to the magistrate judge's determination that the exercise of personal jurisdiction over the individual Defendants is appropriate in this case.

---

[1] Greenlink is now apparently based in Washington, but during the relevant timeframe for this case, it listed its principal place of business as Golden, Colorado.

II.     **LEGAL STANDARDS**

    A.     **Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

    B.     **Personal Jurisdiction**

To establish personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). Because Colorado's long-arm statute is coextensive with the Due Process Clause, this amounts to a single inquiry.  *See Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The plaintiff bears the burden of establishing personal jurisdiction, but at the motion to dismiss stage, it need only make a prima facie showing that the defendant purposefully established minimum contacts with the forum state.  *Dental Dynamics*, 946 F.3d at 1228-29. Factual disputes are resolved in the plaintiff's favor when determining the sufficiency of its showing.  *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

If the plaintiff makes such a showing, the burden shifts to the defendant to show that exercising personal jurisdiction would offend traditional notions of fair play and substantial

justice. *Dental Dynamics*, 946 F.3d at 1229.  "The weaker a plaintiff's showing with respect to minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.* (quotation omitted).

## III.    ANALYSIS

Defendants first object to the magistrate judge's determination that Plaintiffs established minimum contacts between the individual Defendants—who reside in Washington and Canada— and Colorado.  The Court agrees that Plaintiffs have not made the required showing.

The purposeful direction requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or because of the unilateral activity of another party or a third person.  *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d at 895, 904-05 (10th Cir. 2017).  In this context, purposeful direction has three elements: (1) an intentional action, (2) expressly aimed at the forum state, and (3) with knowledge that the brunt of the injury would be felt in the forum state.  *Dental Dynamics*, 946 F.3d at 1231.  Plaintiffs do not allege that the individual Defendants conduct any business in Colorado, nor do they allege that the individual Defendants (or Plaintiff Sebastian, for that matter) ever set foot in Colorado.  The alleged injury that forms the basis for Plaintiffs' claims stems from the passing of single resolution by Greenlink's board of directors, allegedly at the urging and with the participation of the individual Defendants.  The fact that Colorado law may have governed those proceedings or permitted the individual Defendants to participate in them remotely does not demonstrate that the individual Defendants purposely availed themselves of the privilege of conducting activities in Colorado or had any reason to expect to be haled before a Colorado court.  *See Shaffer v. Heitner*, 433 U.S. 186, 215-16 (1977) ("[W]e have rejected the argument that if a State's law can properly be applied to a dispute, its courts necessarily have

4

jurisdiction over the parties to that dispute.").  Plaintiffs do not allege that actions related to passing of the resolution occurred in Colorado or that any of the alleged conduct pertaining to the resolution was expressly aimed at anyone in Colorado.  *See Cascade Fund, LLLP v. Absolute Captial Mgmt. Holdings Ltd.*, 707 F. Supp. 2d 1130, 1143 (D. Colo. 2010) ("[S]tanding alone, an individual's mere status as a board member is not enough to establish jurisdiction.").  Indeed, there are no allegations that Plaintiffs have any tangible connection to Colorado, so there is no basis for concluding that these Defendants knew that the brunt of the alleged injury would be felt in Colorado or that any injury was in fact felt by any person or entity in Colorado.  Under these circumstances, Plaintiffs have failed to meet their burden to establish a prima facie case for minimum contacts and personal jurisdiction.

Defendants also object to the magistrate judge's determination that exercising personal jurisdiction over the individual Defendants would not offend traditional notions of fair play and substantial justice.  Again, the Court agrees with Defendants.

To make this assessment, courts consider the following factors: (1) the burden on defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.  *Dental Dynamics*, 946 F.3d at 1229.

First, the individual Defendants, who live in Washington and Canada, would suffer some burden if forced to litigate this case in Colorado.  The concern underlying this factor is heightened when, as is the case with Defendant MacDonald, the defendant is from another country.  *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1096 (10th Cir. 1992).  This factor weighs in Defendants' favor.

Second, whatever interest Colorado may have in resolving this dispute because it involves directors of a Colorado corporation, the Court finds such interest to be insubstantial here, where no Colorado resident is alleged to have been harmed. Although Greenlink's principal offices were in Golden, Colorado at some point, there is no indication that a significant amount of business ever took place in Colorado or that it had any Colorado employees. Accordingly, the Court finds Colorado's interest in resolving this dispute, at least with respect to the individual Defendants, is minimal, and this factor does not move the needle one way or the other.

Third, Plaintiffs have an interest in bringing a single proceeding against Greenlink and the individual Defendants, so this factor weighs somewhat in Plaintiffs' favor in terms of securing effective relief. However, there is no indication that Plaintiffs' chances of recovery would be greatly diminished were they forced to litigate their claims against the individual Defendants elsewhere. *See Newsome v. Gallacher*, 722 F.3d 1257, 1273 (10th Cir. 2013). And, as for convenience, given Plaintiffs' lack of connection to Colorado, there is no basis for concluding that this forum would be more convenient than any other available forum. Thus, this factor does not weigh strongly in either parties' favor.

Fourth, there is no indication that any potential witnesses are in Colorado. *See id.* (noting that the location of witnesses is key to assessing this factor). Further, none of the individual parties are in Colorado, so it is difficult to see how Colorado would provide the most efficient resolution of this matter. This factor weighs in Defendants' favor.

Fifth, the Court finds that this matter does not implicate the sovereignty of Canada or any other jurisdiction. The parties have presented no argument to the contrary, and the Court finds this factor is neutral.

On balance, these factors tip in Defendants' favor.  Although the Court did not need to reach this step as a result of Plaintiffs' failure to make a prima facie showing of minimal contacts, had Plaintiffs done so in a minimal way, the Court finds Defendants' showing sufficient to establish that exercising jurisdiction over the individual Defendants would be unreasonable under the circumstances of this case.  *See Dental Dynamics*, 946 F.3d at 1229 (noting that the factors above operate on a "sliding scale" depending on the plaintiff's showing with respect to minimum contacts).

## IV.   CONCLUSION

The Court ORDERS as follows:

(1)     Defendants' Objections (ECF No. 51) are SUSTAINED,

(2)     the Recommendation (ECF No. 50) is ACCEPTED IN PART and REJECTED IN PART, as stated in this Order, and

(3)     Defendants' Motion to Dismiss (ECF No. 41) is GRANTED.

DATED this 29th day of October, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge