IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01788-RM-NRN

FRED SEBASTIAN, and
DUKE CAPITAL S.A.,

Plaintiffs,

v.

GREENLINK INTERNATIONAL INC.,
DOUGLAS N. MACDONALD, and
JAKE GEORGE,

Defendants.

**ORDER ON PLAINTIFFS MOTION TO AMEND SCHEDULING ORDER
(Dkt. #56)**

UNITED STATES MAGISTRATE JUDGE
N. REID NEUREITER

This case is before the Court pursuant to an Order (Dkt. #57) issued by Judge Raymond P. Moore referring Plaintiff's Motion to Amend the Scheduling Order. Dkt. #56. It is represented that the Motion is opposed. The Defendant Greenlink International has not yet filed an opposition, but no opposition is necessary for the Court to rule. *See* D.C.COLO.LCivR 7.1(d).

The Motion will be **DENIED**.

Plaintiffs seek to extend the discovery and all case deadlines by four months. The purported "good cause" for the extension is that Plaintiffs elected not to conduct any discovery in the time since the Scheduling Order was issued on March 5, 2021, more than nine months ago. The Defendants had moved to dismiss for a variety of reasons, including lack of personal jurisdiction. The motion to dismiss was first referred

to me for recommendation. I recommended denying the personal jurisdiction aspect of the motion and dismissing certain fraud-based claims. Dkt. #50. Defendants objected. Dkt. #51. The matter then went to Judge Moore for his determination and he sustained in part and overruled in part the objections. Dkt. #53. Per Judge Moore's Order, the two individual defendants have been dismissed from the case, but the case proceeds against Greenlink International. *Id.*

This case was filed June 17, 2020, a full year and half ago. After some delays, a Scheduling Order was entered on March 5, 2021. Dkt. #40. There was no mention of a stay of discovery in connection with the entry of the Scheduling Order. The Scheduling Order anticipated that discovery would proceed, and in fact, the Parties represented in the Scheduling Order that their Rule 26(a)(1)(C) disclosures would take place on March 19, 2021. Dkt. #40 at 6. The Scheduling Order set limits for discovery, including on the number of depositions, interrogatories, and requests for production. The discovery cutoff was set for January 21, 2022 (after the parties had originally proposed December 27, 2021). Expert disclosure deadlines were set for October and November of 2021. *Id*. at 8-9. The Scheduling Order was entered with the full expectation that discovery would proceed, regardless of whether the Defendants moved to dismiss the case.

Defendants did move to dismiss on March 12, 2021. *See* Dkt. #41. The motion was referred to me on April 9, 2021. Dkt. #45. I heard argument on April 29, 2021 and issued my recommendation on May 18, 2021. Dkt. #50. Defendants objected to my recommendation on June 1, 2021, and Judge Moore ultimately issued his order sustaining the objections, accepting in part and rejecting in part the recommendation, on

October 29, 2021—approximately seven months after the original motion had been filed. Dkt. #53.

No stay of discovery was either requested or entered in this case. If a stay of discovery had been sought, it likely would have been denied, as the normal practice in this district is not to stay discovery pending decision a dispositive motion. *See Aspen Corporations, Inc. v. Gorman*, 18-cv-01325-CMA-SKC, 2019 WL 266313 (January 18, 2019) (denying stay of proceedings while motion to dismiss for lack of personal jurisdiction is pending, explaining that "stays are the exception in this judicial district, not the rule"); *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery.").

As reflected in the vast majority of cases from this District, the general view is that, absent a unique circumstance such as a qualified immunity defense, a plaintiff's right to proceed expeditiously with its claims, even in the face of a potentially dispositive motion, should not be denied. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("The underlying principle clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)).

In assessing whether to grant a stay pending decision on a dispositive motion, judges of this District look to the so-called "*String Cheese*" factors, from a decision issued by Magistrate Judge Coan, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Any lawyer practicing regularly in this district should know of the disinclination to stay

discovery pending a dispositive motion and should also be familiar with the *String Cheese* factors usually considered in assessing whether to stay discovery. Indeed, the *String Cheese* case has been cited more than 600 times in judicial decisions—remarkable for a magistrate judge's unpublished order.

      The major reason that stays of discovery are disfavored is that dispositive motions (especially ones initially referred to a magistrate judge for a recommendation), usually take many months, and potentially up a year to ultimately decide. Delays in getting to trial are endemic in this District, in large part because the number of district judges is inadequate for the growing population of Colorado (the number having stayed the same since the 1970s), and also because the political process has delayed appointment of new judges for vacant positions. A substantial percentage of cases involve some kind of dispositive motion at the beginning, and a substantial number of those dispositive motions are then denied, at least in part. If every case involving a dispositive motion were to be stayed pending determination of the motion, then the already lengthy average time to trial in this District (estimated by my colleague Judge Hegarty to be more than 26 months) would likely approach or exceed three years. In light of this Court's docket and the delays endemic to getting a decision on a dispositive motion, three of the five *String Cheese* factors generally militate in favor of denying a stay. *See String Cheese* 2006 WL 894955 at * 2 (these three factors include the plaintiff's interests in proceeding expeditiously, the convenience of the court in effectively managing its docket, and the public interest in having our court system work smoothly and efficiently). So, as a general rule, the magistrate judges of this Court do not stay discovery pending consideration of a dispositive motion. Instead, we enter

4

scheduling orders with the full expectation that the parties will launch into discovery and move the case forward. This way, if (as happened in this case, as in most cases) the dispositive motion is denied in full or part, the case will nevertheless remain on schedule.

But the Plaintiffs here did not do this. Instead, Plaintiffs just ignored the Scheduling Order and apparently conducted little to no discovery at all. As justification, Plaintiffs claim that they "were limited in their ability to conduct discovery while the Court's personal jurisdiction over Messrs. Mac Donald and George was subject to a pending motion to dismiss." Dkt. #56 at 3. This is not true. Neither the Federal Rules of Procedure nor an order from this Court limited the Plaintiffs' ability to conduct discovery. Indeed, as previously mentioned, the general rule is that discovery proceeds even if a dispositive motion has been filed. Plaintiffs should have engaged in discovery and if the Defendants objected, then the Defendants could have sought a stay or sought to limit on the discovery directed at the individuals. But the Defendants never sought a stay. Instead, contrary to the case plan laid out in the Scheduling Order, Plaintiffs apparently did little to nothing.

Plaintiffs also ignored the expert disclosure deadline, claiming that "[t]he requested amendment is also necessary to allow Plaintiffs an opportunity to provide materials produced in discovery to an expert and to prepare the expert disclosures." See Dkt. #56 at 4. That expert disclosure deadline passed on October 22, 2021, a *month and a half ago* without any timely request for an extension.

As numerous courts have noted, and the undersigned agrees, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded

by counsel without peril." *See, e.g., Lehman Brothers Holdings, Inc. v. Universal Am. Mortg. Co. LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (citation omitted); *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). Scheduling Order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed.Appx. 57, 61 (10th Cir. 2009) (citation omitted); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . *Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief*." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted) (emphasis added).

The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10–cv–01899–RBJ–KLM, 2013 WL 1751886, at *1 (D.Colo. April 23, 2013). When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood

that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169 (citations omitted). None of these factors were mentioned or discussed on Plaintiffs' motion.

In this case, there is no good cause for modifying the Scheduling Order. Plaintiffs obviously have not been diligent in pursuing discovery, and for no good reason. It was not up to Plaintiffs to elect to impose a unilateral ceasefire in this case, "cavalierly disregarding" the Scheduling Order as if it were a "frivolous piece of paper."

## CONCLUSION

Having failed to show good cause, Plaintiffs' motion for a four-month extension of all deadlines (Dkt. #56) is **DENIED**.

Date:  December 10, 2021

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge