IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01788-RM-NRN

FRED SEBASTIAN, and
DUKE CAPITAL S.A.,

    Plaintiffs,

v.

GREENLINK INTERNATIONAL INC.,

    Defendant.

___

**ORDER**
___

Before the Court is the Motion for Attorneys' Fees and Costs (ECF 54) by the individual Defendants MacDonald and George, both of whom were dismissed from this case for lack of personal jurisdiction in the Court's October 29, 2021 Order (ECF No. 53). Plaintiffs have filed a Response to the Motion (ECF No. 55), and the individual Defendants have filed a Reply (ECF No. 59). For the reasons below, the Motion is granted.[1]

**I.     BACKGROUND**

Plaintiffs brought this action in June 2020, asserting one claim for conversion and four fraud-based claims against the individual Defendants and Defendant Greenlink International Inc. When no Defendant timely answered, Plaintiffs successfully moved for entry of default.

---

[1] An order addressing Defendant's Motion for Summary Judgment (ECF No. 66) and Plaintiffs' Motion for Leave (ECF No. 73) will issue in due course.

(*See* ECF No. 18.)  Defendants later successfully moved to set aside the default.  (*See* ECF No. 35.)

Defendants then filed a motion to dismiss, seeking dismissal of all the claims against the individual Defendants for lack of personal jurisdiction.  They also sought dismissal of the fraud-based claims against all Defendants for failure to state claim.  The motion was granted, and only Plaintiffs' conversion claim against the entity Defendant remains in the case.

## II.     LEGAL STANDARD

Under Colo. Rev. Stat. § 13-17-201, an award if attorney fees is mandatory when an action involving a tort claim is dismissed under Fed. R. Civ. P. 12(b).  *See Dorsey on behalf of J.D. v. Pueblo Sch. Dist. 60*, 215 F.Supp.3d 1092, 1093 (D. Colo. 2016).  Defendants who prevail on a motion to dismiss "shall have judgment for [their] reasonable attorney fees in defending the action."  § 13-17-201.  Colo. Rev. Stat. § 13-16-116(2) is a complimentary fee-shifting provision which addresses costs in the same circumstances in which § 13-17-201 applies.  *See Crandall v. City of Denver*, 238 P.3d 659, 662 (Colo. 2010).  The analysis for each provision is the same.  *Id.*

## III.    ANALYSIS

Plaintiffs do not challenge the reasonableness of the fees and costs requested and concede that some award is required.  However, they contend that the Motion is overinclusive as to the amounts the individual Defendants may recover and that the award should be limited to fees and costs incurred in filing their motion to dismiss, and further limited to only those fees related to the individual Defendants' defense of lack of personal jurisdiction.  But the Court is not persuaded that such fees should not be included in amount of reasonable fees the individual

Defendants incurred *in defending the action*. Even though prevailing on the personal jurisdiction issue was the means by which they were dismissed from the case, that does not render unreasonable their fees associated with defending themselves by arguing that dismissal of some of the claims against them was also warranted on other grounds. Indeed, had the Court accepted fully the magistrate judge's Recommendation, these Defendants would not have prevailed on the personal jurisdiction issue and the conversion claim would have proceeded against them as well as the entity Defendant.

The fact that the entity Defendant also benefited from the granting of the motion does not render the fees incurred unreasonable as to the individual Defendants. The individual Defendants excluded from their request fees related to the entity Defendant's counterclaims; the remaining fees are necessarily shared. Putting the fees related to the counterclaims aside, the individual Defendants would have incurred the same, or nearly the same, fees had the entity Defendant not been in the case. Thus, the Court finds all fees incurred in connection with the motion to dismiss are properly included in the individual Defendants' fee award, and the circumstances do not require that any fees be apportioned to the entity Defendant.

Plaintiffs also object to the inclusion of fees related to the individual Defendants' Motion for Attorneys' Fees. But their reliance on *Foxley v. Foxley*, 939 P.2d 455, 466 (Colo. App. 1996), is misplaced given that the motion for fees in that case was based on Colo. Rev. Stat. § 13-17-102, not §13-17-201. Nor is the Court persuaded by Plaintiffs' contention that the individual Defendants are not entitled to fees based on its participation in preliminary procedural matters, such as filing and amending an answer and preparing discovery. In the absence of any

authority to the contrary, the Court finds these fees, too, are part of the reasonable fees they incurred in defending this action and are therefore properly included in the fee award.

## IV. CONCLUSION

Accordingly, the Court GRANTS the Motion (ECF No. 54) and ORDERS Plaintiffs to pay the individual Defendants their reasonable attorney fees of $39,807.31.

DATED this 14th day of June, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

4